JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1 U.S. Government Plaintiff

❏ 3 Federal Question
*(U.S. Government Not a Party)*

❏ 2 U.S. Government Defendant

❏ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine | | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1 Original Proceeding
❏ 2 Removed from State Court
❏ 3 Remanded from Appellate Court
❏ 4 Reinstated or Reopened
❏ 5 Transferred from Another District *(specify)*
❏ 6 Multidistrict Litigation - Transfer
❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.**  Civil Categories: (Please check  one category only).

1. ☐  General Civil
2. ☐  Administrative Review/Social Security
3. ☐  Habeas Corpus Death Penalty

*If under Title 28, §2255, name the SENTENCING JUDGE: _____

CASE NUMBER: _____

**II.**  **RELATED OR REFILED CASES**.  See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled.  Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

This action:    is **RELATED** to another  **PENDING** civil case    is a **REFILED** case    was **PREVIOUSLY REMANDED**

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.**  In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of  the divisional offices therein.  Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER.  UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1)    **Resident defendant.** If the defendant resides in a county within this district, please set forth the name of such county
**COUNTY:**
Corporation **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

(2)    **Non-Resident defendant.** If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
**COUNTY:**

(3)    **Other Cases**. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
**COUNTY:**

**IV.**  The Counties in the Northern District of Ohio are divided into divisions as shown below.  After the county is determined in Section **III**, please check the appropriate division.

**EASTERN DIVISION**

☐  **AKRON**          (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
☐  **CLEVELAND**     (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake,
                          Lorain, Medina and Richland)
☐  **YOUNGSTOWN**  (Counties: Columbiana, Mahoning and Trumbull)

**WESTERN DIVISION**

☐  **TOLEDO**         (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry,
                          Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca
                          VanWert, Williams, Wood and Wyandot)

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ERYCA BEY | CASE NO. |
| Plaintiff, | JUDGE |
| v. | |
| OFFICER MARK DINGENARY, et al. | |
| Defendants. | |

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

TO THE HONORABLE JUDGES OF THIS COURT:

Now come Defendants Officer Mark Dingenary, Chief Dalton Preston, and Village of Highland Hills, who represent to this Court as follows:

1.    That there was commenced and is now pending in the Court of Common Pleas for Cuyahoga County, Ohio, Case No. CV 21 949322 before Judge Joseph D. Russo, in which Eryca Bey is the Plaintiff.

2.    That said action is a suit of a civil nature.

3.    That said action was brought pursuant to 42 United States Code § 1983, in that Plaintiff alleges claims of deprivation of constitutional rights under color of state law.

4.    That this Court has jurisdiction over the within action pursuant to Title 28, United States Code, Sections 1331 and 1343.

5.     That the within action may be removed to this Court pursuant to the provisions of Title 28, United States Code, Sections 1441, et seq.

6.     That this Notice is being filed within thirty (30) days after receipt of the Complaint by Defendants Officer Mark Dingenery, Chief Dalton Preston, and Village of Highland Hills and that the time for filing this notice under 28 USC § 1446(b) has not expired.

7.     That all parties required by law to join in this Notice, *i.e.* have been served, have been so joined.

8.     That written notice of the filing of this Notice has been given to all other parties as provided by law.

9.     That a true and correct copy of this Notice will be filed with the Clerk of Court of Common Pleas for Cuyahoga County, Ohio, as provided by law.

10.     That there is filed herewith and by reference made a part hereof, a true and correct copy of all process, pleadings, and orders served on the Defendants in said action.

11.     That this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ John D. Latchney*

_____
John D. Latchney (0046539)
O'TOOLE, McLAUGHLIN, DOOLEY
& PECORA CO., LPA
5455 Detroit Road
Sheffield, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7205
Email: jlatchney@omdplaw.com

*Attorney for Defendants*
*Officer Mark Dingenery, Chief Dalton Preston, and*
*Village of Highland Hills*

2

## **DECLARATION**

John D. Latchney, under penalty of perjury, hereby declares he has read the foregoing Notice of Removal and that all factual representations contained therein are true and accurate to the best of declarant's knowledge and belief.

*/s/ John D. Latchney*

_____

John D. Latchney (0046539)



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
June 28, 2021 17:36

By: ROBERT F. DICELLO 0072020

Confirmation Nbr. 2287980

| | |
|---|---|
| ERYCA BEY | CV 21 949322 |
| vs. | |
| OFFICER MARK DINGENARY, ET AL. | **Judge:** JOSEPH D. RUSSO |

Pages Filed: 20

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **ERYCA BEY**<br>20715 Applegate<br>Maple Heights, Ohio 44137<br><br>    Plaintiff,<br><br>-vs-<br><br>**OFFICER MARK DINGENARY**<br>3700 Northfield Rd #1,<br>Cleveland, Ohio 44122<br>C/O<br>Thomas P. O'Donnell, Law Director<br>Village of Highland Hills<br>3700 Northfield Rd.<br>Cleveland, Ohio 44122<br>(216) 283-3000<br>todonnell@todlaw.com<br><br>and<br><br>**CHIEF DALTON PRESTON**<br>3700 Northfield Rd #1,<br>Cleveland, Ohio 44122<br>C/O<br>Thomas P. O'Donnell, Law Director<br>Village of Highland Hills<br>3700 Northfield Rd.<br>Cleveland, Ohio 44122<br>(216) 283-3000<br>todonnell@todlaw.com<br><br>and<br><br>**VILLAGE OF HIGHLAND HILLS**<br>3700 Northfield Rd.<br>Cleveland, Ohio 44122<br>C/O<br>Thomas P. O'Donnell, Law Director<br>Village of Highland Hills<br>3700 Northfield Rd.<br>Cleveland, Ohio 44122<br>(216) 283-3000<br>todonnell@todlaw.com | CASE NO: _____<br><br>JUDGE:<br><br><br>**COMPLAINT**<br>*(JURY DEMAND ENDORSED HEREON)* |

1

and                                                }
                                                   }
**JOHN DOES NO. 1-10, Individually**               }
**and in Their Official Capacity as**              }
**Village Manager / Mayor / Police**               }
**Officers/ Detectives /Supervisors /**            }
**In-Charge Officers/ Commanders /**               }
**Officers in Booking/ Prosecutor(s)/**            }
**Officers Managing the Jail/ With the**           }
**Village of Highland Hills Whose**                }
**Exact Identities Cannot Be**                     }
**Ascertained at the Present Time**                }
3700 Northfield Rd #1,                             }
Cleveland, Ohio 44122                              }
C/O                                                }
Thomas P. O'Donnell, Law Director                  }
Village of Highland Hills                          }
3700 Northfield Rd.                                }
Cleveland, Ohio 44122                              }
(216) 283-3000                                     }
todonnell@todlaw.com                               }

Defendants.

## INTRODUCTION

Now comes Plaintiff, by and through undersigned counsel, and for her Complaint against Defendants, states as follows:

1.    Plaintiff alleges that Defendants violated her Fourth Amendment Rights, used excessive force, arrested Plaintiff without probable cause, maliciously prosecuted Plaintiff, held her in jail as a pretrial detainee without due process, and/or engaged in an abuse of process that resulted in her unjust prosecution and/or intentionally and/or recklessly harmed Plaintiff in his liberty interests due to reasons other than a valid prosecution.

## VENUE

2.      All preceding paragraphs are incorporated as if fully re-written herein.

3.      Venue is proper in this Court as at least one of the Defendants resides in Cuyahoga County, i.e., the county where the balance of the underlying wrongdoing was conducted.

## PARTIES

4.      All preceding paragraphs are incorporated as if fully re-written herein.

5.      Plaintiff Eryca Bey, states that she is/was a resident of Maple Heights, Cuyahoga County, Ohio, at all times relevant to this action.

6.      At all times relevant to this action, Defendant Police Officer Mark Dingenary wearing badge #7623 ("Officer Dingenary") is/was as a police officer for the Village of Highland Hills and a natural person residing in Cuyahoga County, and he is a Defendant in this case.

7.      At all times relevant to this action, Officer John Does 1-10 is/was a police officer(s) for the Village of Highland Hills Police Department, residing in Cuyahoga County, and may be a Defendant in this case as a police officer for the Village of Highland Hills and would have taken part in the misconduct detailed herein.

8.      At all times relevant to this action, Chief Dalton Preston ("Defendant Preston") was a police officer for the Village of Highland Hills Police Department, residing in Cuyahoga County, and he is a Defendant in this case.

9.      Defendant Preston  was delegated the power to be and/or held the office as acting Chief of Police at all times relevant to this action.

10.     At all times during his time as Chief of Police for the Village of Highland Hills, Defendant Preston was the highest-ranking member of the Village Police Department, and

3

was responsible for the implementation and enforcement of police policy, custom, and/or practice within the Village.

11. As Chief of Police for the Village of Highland Hills, Defendant Preston was a policy maker and his actions constituted the official actions of the Village of Highland Hills Police Department, establishing the official custom, policy, and/or practice of the department.

12. Defendant Village of Highland Hills ("Defendant Village") is a municipal corporation located in the county of Cuyahoga, State of Ohio, and at all times relevant to this action employed Defendant Dingenary, Defendant Preston, and/or Defendants John Does 1-10, and has for its address 3700 Northfield Rd., Cleveland, Ohio 44122, and having Thomas P. O'Donnell, as Law Director of said municipality, himself having an address: Village of Highland Hills, 3700 Northfield Rd., Cleveland, Ohio 44122.

13. At all times relevant hereto, Plaintiff asserts that Defendants Dingenary, Defendant John Does 1-10, and Defendant Preston acted both inside and outside the course and scope of their employment as police officers for the Defendant Village.

14. Redress is being sought from Defendants Dingenary, Preston, and John Does 1-10 in his/her/their official and individual capacities, and it is further alleged that all Defendants were acting under and/or outside of color of law and/or pursuant to the policies, customs and/or usages of the Village of Highland Hills, Ohio.

15. At all times relevant herein, Defendant(s) John Doe Nos. 1 through 10, (Name and addresses unknown) are believed to be police officers, prosecutor(s), and/or supervisors, and/or other administrative and/or police department or other employees of Defendant Village of Highland Hills, whose identity(ies) or involvement with this case, despite reasonable diligence, cannot be ascertained and/or discovered by Plaintiff at the

present time, but whom, through written discovery and/or deposition, may become known as being persons properly included as Defendants in this case.

16.     In addition to any other theory of liability that might pertain to Defendant Dingenary, Preston, and John Does 1-10, any and all misconduct of said Defendants, and the Defendant Village is asserted to be a violation of the 4th Amendment and/or the 14th Amendment to the United States Constitution and is enforceable against these Defendants per the dictates of 42 U.S.C. § 1983.

17. Misconduct is alleged against Defendant Village of Highland Hills for:

a.     Its promotion and/or endorsement of Defendant Dingenary's unconstitutional practices, including but not limited to the unconstitutional and/or bad faith seizure, and/or abuse of citizens within the Village of Highland Hills, including but not limited to Plaintiff.

b.     Its policy of letting Defendant Dingenary, sidestep, ignore, and/or violate local, state, and/or federal law, in the prosecution or investigation of citizens within the Village of Highland Hills, including but not limited to Plaintiff.

c.     Its official endorsement, support, condonation and/or ratification of the placement of charging Plaintiff without probable cause and/or placing Plaintiff in pretrial detention without due process and/or for the ulterior purpose of punishing Plaintiff as a citizen who engaged in "contempt of cop," defined herein as: in the face of requests by Defendant Dingenary and Defendant officer John Does 1-10 that would have caused Plaintiff to waive or ignore her Constitutional rights, Plaintiff refused to honor the officer's unconstitutional requests (i.e., she refused to act in ways that would have

waived or ignored her rights) which angered Defendant Dingenary and John Does 1-10, and so in response they charged her without probable cause or, alternatively, charged her with probable cause, to punish her for disagreeing with their requests as aforesaid.

d.      Its policy of not providing training, discipline, or meaningful oversight over Defendant Dingenary and John Does 1-10, regarding the over-use and/or improper use by Defendant Dingenary, John Does 1-10, and other Highland Hills officers of the following charges, against Plaintiff – and other citizens – without probable cause and/or for occasions when citizens engage in "contempt of cop": Obstructing Official Business in violation of R.C. § 2921.31(A), and/or Open Container, in violation of Highland Hills Ordinance § 529.07, and/or OVI in violation of R.C. § 4511.19(A)(1)(a), and/or Lighted Lights Required in violation of Highland Hills Ordinance § 337.02, and/or Viol – Traffic Lanes/Lines, in violation of Highland Hills Ordinance § 331.08, which caused the constitutional harm to Plaintiff in this case.

e.      Its policy and/or its official condonation of the Police Officer Defendants' and Defendant Dingenary' misconduct which thereby caused the constitutional harm in this case, to wit: at all times relevant to this action, the Village of Highland Hills knew or had reason to know that Defendant Dingenary was violating the constitutional rights of Plaintiff by having her arrested and/or booked and/or detained prior to trial in jail without probable cause and/or to intentionally and maliciously and/or recklessly punish or penalize Plaintiff – and other citizens – for "contempt of cop," and/or arrest or charge Plaintiff for personal reasons and/or to intimidate Plaintiff and

Electronically Filed 06/28/2021 17:36 / / CV 21 949322 / Confirmation Nbr. 2287980 / CLAJB

force submission to Defendant Dingenary's unconstitutional requests and/or to arrest Plaintiff for reasons unrelated to a legitimate law enforcement purpose while Chief Preston did not have and/or implement and/or enforce proper policies protecting the Fourth Amendment Rights of the citizens of Village of Highland Hills, including Plaintiff; and

f.      Its custom of not enforcing meaningful discipline against officers who violated the Fourth Amendment and/or Fourteenth Amendment Rights of citizens, including Plaintiff, without meaningful oversight, and also for its custom of concealing its failure to not meaningfully supervise or address the aforesaid misconduct of Defendant Dingenary and/or John Does 1-10:

   i. At all times, the misconduct of Defendant Dingenary and/or John Does 1-10 in this matter includes but is not limited to:

   1. Initiating the arrest and/or prosecution of citizens with excessive force and/or without probable cause and/or with probable cause but for reasons other than a valid criminal prosecution which pervert the process;

   2. Misrepresenting/exaggerating facts in police reports and/or to prosecutor(s) to incriminate and/or investigate and/or charge innocent civilians;

   3. Regarding the charging of Plaintiff, knowingly concealing, omitting, or preventing the disclosure of facts to prosecutor(s) which would undermine probable cause;

4. Regarding the charging of citizens, using and/or adhering to an unreasonable interpretation and application of the criminal code, regarding Obstructing Official Business in violation of R.C. § 2921.31(A), and/or Open Container, in violation of Highland Hills Ordinance § 529.07, and/or OVI in violation of R.C. § 4511.19(A)(1)(a), and/or Lighted Lights Required in violation of Highland Hills Ordinance § 337.02, and/or Viol – Traffic Lanes/Lines, in violation of Highland Hills Ordinance § 331.08;

5. Regarding the charging of citizens, intentionally disregarding (and/or distorting and/or intentionally misrepresenting the facts to establish) the elements of crimes without having probable cause in the prosecution of innocent civilians, including Plaintiff; and/or

6. Undertaking the aforesaid official police action with impunity and/or without real accountability and/or knowingly and/or maliciously and/or wantonly and/or recklessly and/or intentionally.

## FACTS

### The Street

18.     All preceding paragraphs are incorporated as if fully re-written herein.

19.     On June 29, 2019, Defendant Dingenary saw Plaintiff approach him as he was on the scene of a traffic accident.

20. Plaintiff was present because she saw the lights of the officers on Northfield Road and feared her boyfriend/fiancé might have been involved in a car accident.

21. When Plaintiff inquired as to whether her boyfriend was involved in the accident, Defendant Dingenary immediately started to accuse Plaintiff of wrongdoing, including but not limited to: being under the influence of alcohol or drugs while operating her motor vehicle.

22. Defendant Dingenary's meritless allegations escalated, and Defendant demanded that Plaintiff submit to a field sobriety test, the horizontal gaze nystagmus test, which Defendant applied improperly and in violation of his training.

23. The aforesaid field sobriety test did not establish probable cause for Plaintiff's charging, detention, or arrest, because the test was done improperly and/or because none of the indicators of intoxication were present.

24. At all times, Plaintiff's behavior did not provide a basis for probable cause for her arrest, detention, booking, or charging in this matter, to wit: Plaintiff interacted with Defendants in a manner consistent with being sober, i.e., she did not slur her speech, smell of alcohol, sway, stumble, or otherwise move without coordination.

25. Defendant Dingenary thereafter charged Plaintiff for OVI in violation of R.C. § 4511.19(A)(1)(a), without probable cause, resulting in the unlawful arrest, detention, and booking of Plaintiff.

26. Defendant Dingenary's charging of Plaintiff was done because he disliked the fact that Plaintiff refused to allow him to search her person or her car, but instead insisted on having a female officer search her person and objected to the search of her person and car on the grounds that she had done nothing wrong.

27. Defendant Dingenary resented Plaintiff for making him wait for a female

officer to search Plaintiff and for her protestations that she had done nothing wrong to deserve being searched.

28. Defendant Dingenary and another officer, John Doe 1, eventually entered Plaintiff's vehicle, where they found a plastic cup with liquid in it.

29. Without testing or preserving the contents of the cup, the officers threw it on the sidewalk, leaving its contents to evaporate.

30. Defendants never preserved a sample of the liquid in the cup nor did they test any of it for the presence of illegal substances or alcohol.

31. However, Defendant Dingenary, John Doe 1-10, and/or Defendant Village otherwise charged Plaintiff with having an open container of alcohol in violation of Highland Hills Ordinance § 529.07.

32. Defendant Dingenary also falsely accused Plaintiff of driving her vehicle alongside the vehicle that crashed – he falsely claimed he had been following Plaitniff's vehicle as she weaved through traffic.

33. Plaintiff never drove her vehicle in the manner claimed by Defendant Dingenary, because she and her injured boyfriend/fiancé (who had crashed) had taken a different route to their expected destination.

34. Despite knowing or having reason to know that he had no evidence of following Plaintiff through traffic or witnessing Plaintiff operate her vehicle unlawfully, Defendant Dingenary cited Plaintiff for Viol – Traffic Lanes/Lines, in violation of Highland Hills Ordinance § 331.08.

35. When Defendant Dingenary first met Plaintiff at the scene of the accident that her boyfriend had been involved in, Plaintiff pulled her car off to the side of the road, close enough to the accident site to get out and walk over to the officers.

36. Then Plaintiff turned off her car (and thus her car's headlights), locked her car, and exited with the keys in her pocket.

37. While visiting her boyfriend inside the ambulance, an officer asks Plaintiff to move her car.

38. Defendant Dingenary refused to let Plaintiff move her car, as he had begun accusing her of being under the influence of drugs or alcohol, a crime she had not committed.

39. But later, after he had accused Plaintiff of crimes that she did not commit, as aforesaid, Defendant threw in the additional charge against Plaintiff for not having her headlights on, i.e., "Lighted Lights Required," in violation of Highland Hills Ordinance § 337.02, while her car was positioned in the street as she visited with her boyfriend in the ambulance.

40. During her interaction with Defendant Dingenary, Plaintiff was handcuffed and made to sit in a police car against her will – all on the basis of the bogus allegations and charges raised by Defendant Dingenary and/or John Does 1-10.

41. The handcuffing of Plaintiff was excessive force, to wit: the handcuffs were tight, and Plaintiff had not engaged in an arrestable offense sufficient to warrant her physical restraint.

42. Defendant Dingenary then offered and/or wrote exaggerated and/or false factual assertions against Plaintiff and/or authored a police report(s) and/or other law enforcement documentation against Plaintiff on the basis of exaggerated and/or false factual assertions in an effort to create a false basis for physically arresting her, using force upon her, and as a pretext for probable cause to arrest Plaintiff.

## The Prosecution

43.    All preceding paragraphs are incorporated as if fully re-written herein.

44.    Following these events, Plaintiff was prosecuted by Defendant Dingenary, Defendant Preston, the Village of Highland Hills and and/or The Police Officer Defendants on the basis of Defendants' false allegations.

45.    On October 5, 2020, the aforementioned charges were dismissed against Plaintiff in Plaintiff's favor.

## COUNT I
## (Malicious Prosecution)

46.    All preceding paragraphs are incorporated as if fully re-written herein.

47.    On or about June 29, 2019, Defendants instituted criminal proceedings against Plaintiff, and said proceedings terminated in Plaintiff's favor: to wit, the original charges identified herein and brought by and/or through the assistance or actions of the Defendants were dismissed by the trial court.

48.    At all times, all Defendants identified herein, including John Doe Defendants 1-10, made and/or influenced and/or participated in the prosecution of Plaintiff.

49.    On June 29, 2019, at the initiation of the investigation and/or the continuation of the case against Plaintiff, Defendants proceeded without probable cause.

50.    The continuation of their efforts to prosecute Plaintiff was done with malice, to wit: it was done to punish or injure Plaintiff for disagreeing with the unlawful requests of Defendant Dingenary as aforesaid, i.e., for engaging in "contempt of cop."

51.    At all times said prosecution lacked probable cause as it was based on lies and/or factual exaggeration or misrepresentation, not valid or lawful evidence justifying the charges.

Electronically Filed 06/28/2021 17:36 / / CV 21 949322 / Confirmation Nbr. 2287980 / CLAJB

12

52. The aforesaid charges were dismissed in Plaintiff's favor on or about October 5, 2020.

53. And said prosecution caused Plaintiff damage as stated in the Damages section of this Complaint herein below.

## COUNT II

54. All preceding paragraphs are incorporated as if fully re-written herein.

55. Defendant Dingenary and/or John Doe 1-10's use of force during the arrest of Plaintiff on June 29, 2019, via handcuffing her, was excessive and in violation of the 4th Amendment to the United States Constitution.

56. Defendant Dingenary and/or John Doe 1-10 used force without having probable cause to arrest Plaintiff and/or an arrestable offense to hold Plaintiff.

57. At no point during her interactions with Defendant Dingenary did Plaintiff act disrespectfully, let alone violently.

58. Defendant Dingenary and/or Police Officer Defendants used force that was, objectively, not reasonable, not necessary, violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures, and/or was not sanctioned by the training, rules, policies, or procedures of the Defendant City's police department.

59. Defendant Dingenary and/or Police Officer Defendants' unreasonable, excessive force caused Plaintiff damage as stated in the Damages section of this Complaint herein below.

## COUNT III
### (Abuse of Process)

60. All preceding paragraphs are incorporated as if fully re-written herein.

61. In the alternative, Plaintiff avers that Defendants instituted a legal proceeding

against Plaintiff that was in the proper form and with probable cause;

62.    However, Defendants instituted the proceeding in such a way that it was perverted, to wit: it was instituted to retaliate against Plaintiff for "contempt of cop," as aforesaid, and thus was an attempt to accomplish an ulterior purpose for which it was not designed.

63.    The process was abused when Defendants initiated and pursued charges on the basis of obstruction charges (as well as the other charges) that were not instituted for a valid purpose, but were instituted to punish Plaintiff, and were drafted on the basis of exaggerated and/or false facts inserted into the charging documents and paperwork generated by Defendant Dingenary and/or the Police Officer Defendants.

64.    As a result, Plaintiffs have been damaged as stated in the Damages section of this Complaint herein below.

### COUNT IV
### (Supervisory Liability)

65.    All preceding paragraphs are incorporated as if fully re-written herein.

66.    Defendant Preston and Police Officer John Does 1-10 was/were the direct supervisor(s) of Defendant Dingenary and had supervisory authority over the Highland Hills Police Department and/or the officers on scene on the night in question, i.e., June 29, 2019, with Defendant Dingenary and Police Officer John Does 1-10 present.

67.    At all times relevant to this action, Defendant Preston and Police Officer John Does 1-10 knew or reasonably should have known of and/or participated in, and/or condoned, and/or ratified:

a.    Defendant Dingenary and Police Officer John Does 1-10 prior and/or on-going improper use of the charge of "Obstructing Official Business" as a

retaliation for "contempt of cop" and/or for other reasons unrelated to a valid prosecution, that created a serious risk that Defendant Dingenary would ignore the Fourth Amendment rights of and/or harm Plaintiff or someone else or otherwise break the law while on duty; and/or

b.      Defendant Dingenary's and/or John Does 1-10's custom of modifying police reports, disregarding the Fourth Amendment Rights of citizens, ignoring or thwarting the proper chain of command, and/or furthering improper personal agendas and/or facilitating and/or hiding and/or covering up police misconduct, including destruction of evidence and excessive force; and/or

c.      Defendant Dingenary's and/or John Does 1-10's habit and/or custom of producing charging documentations and/or police reports on the basis of exaggerated and/or false factual allegations designed to cover-up for fellow officer misconduct and/or to pursue inappropriate goals unrelated to legitimate law enforcement objectives, such as in this case: falsely alleging that Plaintiff did illegal acts regarding obstruction, OVI, and the other charges stated herein.

68.     Defendants Preston and John Does 1-10 knew or reasonably should have known that these acts and/or failures to act of the Defendants would likely cause Defendants to inflict the constitutional injury that befell Plaintiff, to wit: Plaintiff was arrested with unreasonable and unnecessary violence and force while simply trying to talk with Defendants and was prosecuted by Defendants on the basis of misinformation and intentional omissions and/or without probable cause and/or for reasons other than a legitimate law enforcement objective.

69.     Defendants Preston and Police Officer John Does 1-10 had a duty and/or were required by his/their training to take action to discipline and/or otherwise prevent Defendants from engaging in the above-stated conduct.

70.     Despite his/their knowledge of the Defendant officers' misconduct, as stated above, Defendants Preston and John Does 1-10 took no action, failed to impose reasonable discipline, failed to follow chain of command, failed to document the instances of misconduct, and/or otherwise abandoned his/their supervisory duties.

71.     As a result of his/their failures and/or abandonment of his/their supervisory duties, as stated above, Defendants Preston and/or John Does 1-10, with knowledge of the misdeeds of the aforementioned Defendants (i.e., having received and reviewed complaints in that regard), created an environment that disregarded Plaintiff's – and other citizen's – protections under the Fourth Amendment, condoned the misconduct stated herein, and perpetuated and/or facilitated and/or aided Defendants in the excessive force, and baseless arrest and prosecution of Plaintiff.

72.     Defendants Preston and Police Officer John Does 1-10 engaged in acts and omissions that were the product of a reckless or callous indifference to Plaintiff's Fourth Amendment rights, to wit: the right to be free from unreasonable searches and seizures, meaning no arrests except upon probable cause and no use of force except in the furtherance of a lawful and valid arrest.

73.     By their acts and failures to act as stated above, Defendants Preston and John Does 1-10, in fact, caused Plaintiff's constitutional deprivation: to wit, Plaintiff was violently arrested with unreasonable force and prosecuted without probable cause, as material exculpatory facts were withheld: all in violation of the 4th and 14th Amendments to the

United States Constitution, and/or for reasons other than a legitimate law enforcement objective, to wit: to retaliate against Plaintiff and assert dominance over her as aforesaid.

74.   As a consequence of Defendants' actions as aforesaid, Plaintiff was damaged as detailed in the Damages section of this Complaint.

## COUNT V
## (Spoliation)

75.   All preceding paragraphs are incorporated as if fully re-written herein.

76.   On or about and since June 29, 2019, Defendants were on notice to preserve all evidence related to the arrest of Plaintiff.

77.   At all relevant times Defendants knew that a lawsuit involving Plaintiff was probable.

78.   Upon belief and information, at all relevant times Defendants were in possession of evidence including: the contents of a plastic cup that served as the alleged basis for an arrest of "Open Container," as mentioned above.

79.   The above stated evidence is now missing and/or destroyed in whole or in part, due to the actions of Defendant Dingenary and/or John Does 1-10 who threw the contents of the cup on the pavement outside Plaintiff's vehicle whereupon the contents evaporated and are now forever gone.

80.   At all relevant times Defendants joint and/or several conduct in causing the above information to be unavailable was intentional, knowing, willful, wanton and malicious.

81.     Defendants' actions were the result of a willful destruction of evidence for the purpose of disrupting Plaintiff's ability to prove claim(s) in the pending and/or probable lawsuit.

82.     As a direct and proximate result of the knowing, willful, wanton and malicious conduct by all Defendants as stated above, the Plaintiff has been harmed as stated in the Damages section of this Complaint.

### COUNT VI
### (Reckless, Wanton, or Willful conduct / R.C. 2921.52)

83.     All preceding paragraphs are incorporated as if fully re-written herein.

84.     By acting in the manner described above, Defendants wantonly and willfully committed reckless violations of the law, including but not limited to arresting, confining, and prosecuting Plaintiff without probable cause or as an act of abuse of process, as aforesaid.

85.     All Defendants knowingly infused and/or facilitated the presentment of false charges against Plaintiff and/or covered up for the wrongdoing of Defendant Dingenary.

86.     In wanton and willful disregard for the laws of the State of Ohio and Village of Highland Hills, and in wanton and willful disregard for the training that Defendants received in their capacity as law enforcement employees for the Village of Highland Hills, Defendants created, perpetuated, passed along, and/or disseminated a series of falsehoods and misstatements against Plaintiff that laid a false foundation for the prosecution of Plaintiff as stated above.

87.     By acting in the manner described above, Defendants breached their duty to Plaintiff to follow and obey Ohio law and/or obey their police training and/or prosecutorial policies.

88. By acting in the manner described above, Defendants showed a reckless, willful and/or wanton disregard for the rights and safety of Plaintiff.

89. By acting in the manner described above, Defendants knowingly broke Ohio law, caused injury to Plaintiff including but not limited to anxiety, fear, a period of detention in jail, and caused him to incur court costs and attorney's fees for which he has a right to reimbursement.

90. As a proximate result of Defendants' wanton, willful, reckless and/or malicious disregard for the rights of Plaintiff as aforesaid, Plaintiff was damaged as detailed below in the Damages section of this Complaint.

## DAMAGES

91. All preceding paragraphs are incorporated as if fully re-written herein.

92. As a direct and proximate result of Defendants' actions, as set forth above, Plaintiff has been damaged, including but not limited to: embarrassment, humiliation, feelings of powerlessness, physical pain, anguish, harm to self-esteem, emotional distress, fear, anxiety, loss of sense of personal safety and loss of, rejection of, and/or denial of dignity, along with legal fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, for not less than $500,000.00, including but not limited to:

A. Compensatory and consequential damages in an amount to be determined by the Court in excess of the Court's jurisdictional amount;

B. Punitive damages in an amount to be determined at trial, for the willful, reckless, and malicious conduct of Defendants;

C. Equitable relief, including, without limitation, a written apology from

Defendant Dingenary and/or the Defendant Village, along with other relief including that Defendant Village of Highland Hills be made to adopt an appropriate policy in Plaintiff's honor to end the abusive use of "Obstruction of Official Business" and to prevent future instances of the type of misconduct described herein;

D.    Attorneys' fees and the costs of this action and other costs that may be associated with this action; and

E.    Any and all other relief that this Court deems equitable, just and proper.

## JURY DEMAND

Plaintiff respectfully demand a trial by jury of the within matter.

Respectfully submitted,

*/s/ Robert F. DiCello*
**Robert F. DiCello, Esq.** (0072020)
The DiCello Firm
7556 Mentor Avenue
Mentor, Ohio 44060
P: 440-953-8888
F: 440-953-9138
E: rfdicello@dicellolevitt.com
*Counsel for Plaintiff*